UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HILLARY WALLS-STEWART,<br><br>Plaintiff,<br><br>v.<br><br>VERGON MEDICAL COMPANY, et al.,<br><br>Defendants. | CASE NO. C12-5206 BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS |

This matter comes before the Court on Defendants American Medical Supply ("AMS") and Vergon Medical Company's ("Vergon") motion to dismiss (Dkt. 29). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On March 26, 2012, the Court accepted Plaintiff Hillary Walls-Stewart's ("Walls-Stewart") civil rights complaint against Defendants Vergon, AMS, and Bryn Mar Village Apartments ("Bryn Mar"). Dkt. 8. Walls-Stewart's main claims are product liability and negligence and then, because Vergon and AMS denied his claims, he alleges violations of

his constitutional rights, rights under the Americans with Disabilities Act ("ADA"), and federal rights to be free from racial discrimination. *Id*.

On July 2, 2012, AMS filed a motion to dismiss. Dkt. 29. On July 13, 2012, Walls-Stewart filed objections, which the Court considers a response. Dkt. 38. On July 16, 2012, Vergon joined in AMS's motion. Dkt. 39. On July 24, 2012, AMS replied. Dkt. 40. On July 27, 2012, Vergon replied. Dkt. 44.

## II. DISCUSSION

A party may move to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Moreover, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Id*. 12(h)(3). There are two types of original subject matter jurisdiction: federal question and diversity. *See* 28 U.S.C. §§ 1331, 1332. The Court may also assume supplemental jurisdiction over pendent state claims. *Id*. § 1367.

### A. Federal Question

In this case, dismissal of Walls-Stewart's federal question claims requires minimal discussion. First, it is not a violation of any constitutional right when a company rejects a claim from an individual for a defective product. Second, Walls-Stewart has failed to cite any applicable federal law that covers race and product liability claims. Third, the ADA does not cover product liability claims between individuals and private companies. Therefore, the Court grants the motion to dismiss Walls–Stewart's federal claims.

Walls-Stewart requests that the Court grant leave to amend the complaint to allege facts to support the claims. Dkt. 38 at 3. Courts should not grant leave to amend where

amendment would be futile.  *See Klamath Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983).  Amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  *Miller v. Rykoff Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  The Court finds that no set of facts can be proved that would constitute a valid federal question for Walls-Stewart's injuries.  Therefore, the Court dismisses Walls-Stewart's claims with prejudice.

**B.    Diversity Jurisdiction**

The Court has diversity jurisdiction over actions between citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.

In his case, neither Vergon nor AMS addressed the issue of diversity jurisdiction.  The Court, however, has determined that Bryn Mar is a citizen of Washington, which destroys complete diversity between the parties.[1]  Therefore, the Court does not have diversity jurisdiction over Walls-Stewart's state law tort claims.

**C.    Supplemental Jurisdiction**

The Court may decline to exercise supplemental jurisdiction over pendent state law claims if the Court has dismissed all claims over which it had original jurisdiction.  28 U.S.C. § 1367(c)(3).

---

[1] The Court took judicial notice of the Washington Secretary of State corporation filings for Bryn Mar Apartments, LLC.  *See* Dkt. 48 (corporate disclosure statement); http://www.sos.wa.gov/corps/search_detail.aspx?ubi=602326784

In this case, the Court declines to exercise supplemental jurisdiction over Walls-Stewart's state law claims because it has dismissed all of Walls–Stewart's federal question claims. Therefore, the Court dismisses Walls-Stewart's state law claims without prejudice.

### III. ORDER

Therefore, it is hereby **ORDERED** that AMS and Vergon's motion to dismiss is **GRANTED in part** and **DENIED in part**, and the Court **DISMISSES with prejudice** Walls-Stewart's federal claims and **DISMISSES without prejudice** Walls-Stewart's state law claims. This case is closed.

Dated this 19th day of September, 2012.

BENJAMIN H. SETTLE
United States District Judge